# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TORRANCE L. COTTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:20-CV-872 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant Torrance Cotton's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Previously, in March of 2019, movant filed a request with this Court to file a § 2255 motion out of time. *See Cotton v. USA*, No. 4:19-CV-812-JAR, ECF No. 1. After briefing by the parties, the Court denied that motion. *Id.* at ECF No. 7 (issued June 25, 2020). Four days later, movant filed the instant § 2255 case. In his memorandum in support, movant argues that the "'1-year statute of limitations' [and] the 'second-and-successive issue'" are irrelevant issues here because movant's allegations of ineffective assistance of counsel void the Court's jurisdiction. ECF No. 2 at 4.

To the extent that movant's earlier case can be considered a first § 2255 motion, this case is subject to dismissal as a second or successive § 2255 motion that has not been certified by the United States Court of Appeals for the Eighth Circuit, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). To the extent that movant's earlier case was not a first § 2255 motion because the Court denied movant permission to file his § 2255 motion late, this case is subject to dismissal as being time-barred. Either way, the motion will be denied and dismissed.

## Background

On April 3, 2014, movant was found guilty by a jury of conspiracy to distribute cocaine and possession with intent to distribute cocaine. *United States v. Cotton*, No. 4:13-CR-166-JAR-2, ECF No. 577. On August 28, 2014, the Court sentenced him to 180 months' imprisonment on each count to run concurrently, followed by eight years of supervised release. *Id.* at ECF No. 673. Movant appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. *Id.* at ECF No. 676, Appeal No. 14-3141. On May 19, 2016, the Eighth Circuit affirmed the judgment. *Id.* at ECF Nos. 749-50. Movant filed a writ of certiorari with the United States Supreme Court, which the Supreme Court denied on November 28, 2016. *Id.* at ECF No. 757.

The AEDPA "impose[s], among other things, a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences" pursuant to 28 U.S.C. § 2255. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). In movant's case, this statute of limitations required him to file his § 2255 motion one year from the date the Supreme Court denied his writ of certiorari – or by November 28, 2017.

On March 28, 2019 – approximately sixteen months after his deadline for filing a § 2255 motion – movant filed a motion requesting an extension of time to file a late § 2255 motion in this Court. *Cotton v. USA*, No. 4:19-CV-812-JAR, ECF No. 1. In his motion, movant admitted that his § 2255 motion was late, but he sought equitable tolling of the statute of limitations. Movant argued that he relied on a Mr. Qawi, who movant thought was an attorney (but was not) and who is currently incarcerated, to file his § 2255 motion on time. After briefing by both parties, the Court found that movant did not qualify for equitable tolling because he had not diligently pursued his rights and no extraordinary circumstance beyond movant's control had prevented his timely § 2255 motion filing. *See Holland v. Florida*, 560 U.S. 631, 647-49 (2010). As such, on June 25,

2

2020, the Court denied the motion to file a § 2255 motion out of time. *Id.* at ECF No. 7. Four days later, movant filed this case.

In the instant § 2255 motion and memorandum in support, movant alleges that his counsel provided ineffective assistance when they failed to maintain communication with him after the jury trial verdict. ECF Nos. 1-2. As a result, movant argues that he was not able to work with his counsel to determine and discuss what issues he wanted to argue on appeal. ECF No. 2 at 1-4, 6. According to movant, this ineffective assistance of counsel voids the Court's jurisdiction, and this means that the "'1-year statute of limitations' [and] the 'second-and-successive issue' is not an issue." *Id.* at 4.

## Discussion

I.  Second or Successive § 2255 Motion

Movant submitted his instant § 2255 motion without certification from the Eighth Circuit Court of Appeals. Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Contrary to movant's assertion, an allegation of ineffective assistance of counsel does not void the need for this Court to have jurisdiction in order to hear a matter. The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold

3

matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Therefore, to the extent that movant is arguing that the instant matter is a second or successive § 2255 motion, this Court lacks jurisdiction to entertain the instant § 2255 motion because movant has not received certification from the Court of Appeals. The motion is denied, and this action is dismissed without prejudice. Movant will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

II.     Time-barred § 2255 Motion

However, to the extent that movant's prior § 2255 motion was denied filing as it was out of time, this case would be movant's first § 2255 motion before the Court. As discussed above, the one-year statute of limitations requires that movant file any § 2255 motion by November 28, 2017. The instant matter was filed on June 29, 2020 – over two and half years late. ECF No. 1.

The Court has already allowed briefing and issued a thorough Order examining the issue of timeliness and equitable tolling of the statute of limitations for a § 2255 motion filed by movant. *See Cotton v. USA*, No. 4:19-CV-812-JAR, ECF No. 7. There is no need to repeat that analysis here. Movant's instant § 2255 motion is time-barred.

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c).

Accordingly,

4

**IT IS HEREBY ORDERED** that Torrance L. Cotton's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 5th day of August, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE